[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16206
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20943-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK EUGENE PESANTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2017)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Frank Eugene Pesantes appeals his 30-month sentence, imposed after pleading guilty to one count of possession of a firearm and ammunition by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1).  Pesantes argues that the district court erred by enhancing his sentence for obstruction of justice.  He also argues that the district court imposed a substantively unreasonable sentence.  We see no reversible error.

## I.

In reviewing the district court's imposition of an obstruction-of-justice sentencing enhancement, we review the district court's factual findings for clear error and its application of the factual findings to the sentencing guidelines *de novo*.  *See United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011).

The Sentencing Guidelines provide for a two-level sentence enhancement where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and when the obstructive

conduct related to the offense of conviction or to a closely related offense. U.S.S.G. § 3C1.1.  Attempting to influence unlawfully a witness and attempting to suborn perjury are included in a non-exhaustive list of kinds of conduct to which this enhancement applies.  *Id.* § 3C1.1 comment. (n.4(A), (B)).

The district court did not err by applying an enhancement for obstruction of justice:  Pesantes attempted to influence his girlfriend, a witness, and to suborn perjury from her -- by enticing her and having other persons influence her to sign a statement that the gun was not his and that she was not afraid of him -- to remove the charge or lessen his sentence.

## II.

We review the reasonableness of a sentence, whether inside or outside the Guideline range, under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49 (2007).

The district court did not impose a substantively unreasonable sentence: the district court considered the pertinent 18 U.S.C. § 3553(a) factors, including Pesante's abusive relationship with his girlfriend, his attempt to manipulate her, and his history of violence. The court did not base the sentence on an impermissible factor (the district court can consider Pesantes's criminal history and

the circumstances surrounding his offense).  The court also justifiably relied on the nature and circumstances of Pesantes's offense and the need to protect the public (Pesantes had a history of abusing women) and the circumstances surrounding his possession of a firearm -- including the use of the firearm to threaten his girlfriend. Furthermore, the district court imposed a reasonable sentence when it explained that it would vary upwards because -- given Pesantes's history of violence, abuse of his girlfriend, and the circumstances of his possession of the firearm -- a need existed to protect the public and to deter Pesantes from further crimes.

**AFFIRMED.**